**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

GERALD LEE JACKSON, SR.
LEDNA CARROL JACKSON

        Debtors

Case No.  07-34462

**MEMORANDUM ON
OBJECTION TO CHAPTER 7 TRUSTEE'S
NOTICE OF FINAL REPORT**

**APPEARANCES:**    LAW OFFICES OF MAYER & NEWTON
        John P. Newton, Jr., Esq.
        1111 Northshore Drive
        Suite S-570
        Knoxville, Tennessee  37919
        Attorneys for Debtors

    MOSTOLLER, STULBERG, WHITFIELD & ALLEN
        Ann Mostoller, Esq.
        136 South Illinois Avenue
        Suite 104
        Oak Ridge, Tennessee  37830
        Attorneys for Ann Mostoller, Chapter 7 Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Debtor's [sic] Objection to Chapter 7 Trustee's Notice of Final Report filed by the Debtors on December 20, 2010, objecting to the Trustee's Final Report filed on November 29, 2010, for failing to provide for payment of the Debtors' homestead exemption. Following a hearing held on January 6, 2011, the court entered an Order defining the issue to be resolved as follows: "[W]hether the Debtors are entitled to a $7,500.00 homestead exemption pursuant to Tennessee Code Annotated § 26-2-301(a) in the $99,000.00 realized by the Chapter 7 Trustee upon her sale of their residence at 409 Ridgedale Drive, Strawberry Plains, Tennessee."

The facts and documents necessary for the resolution of this issue are before the court through the Stipulation of Undisputed Facts and Documents (Stipulations) filed by the parties on February 8, 2011, incorporating the following exhibits: (1) Schedule A - Real Property and Schedule C - Property Claimed as Exempt filed by the Debtors with their Voluntary Petition on December 21, 2007; (2) the Complaint filed by the Trustee on July 9, 2008, commencing Adv. Proc. No. 08-3092 styled *Ann Mostoller, Trustee v. HSBC Mortgage Services, Inc. (In re Jackson)* (HSBC Adversary Proceeding); (3) Judgment by Default (Default Judgment) entered on November 6, 2008, in the HSBC Adversary Proceeding; (4) 2nd Notice of Trustee's Intent to Sell Property (Notice of Intent to Sell) filed in the Debtors' bankruptcy case on July 9, 2010; (5) Order Allowing Sale of Property entered in the Debtors' bankruptcy case on August 3, 2010; (6) Notice of Trustee's Final Report and Application for Compensation and Deadline to Object (Trustee's Final Report) filed on November 29, 2010; (7) Debtor's Objection to Chapter 7 Trustee's Notice of Final Report (Objection to Final Report) filed on December 20, 2010; (8) Report of Sale filed by the Trustee on October 11,

2010; (9) Trustee's Deed dated September 2, 2010, between Ann Mostoller, Trustee, and Douglas M. Mallory and wife Vicki Mallory; (10) Proof of Claim filed by HSBC Mortgage Services, Inc. on December 3, 2009, in the amount of $167,876.57. The Brief by Debtors was filed on February 22, 2011.[1] The court also takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of all material facts and documents of record in the Debtors' bankruptcy case.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (O) (2006).

I

The Debtors filed the Voluntary Petition commencing their Chapter 7 bankruptcy case on December 21, 2007. STIPS. ¶ 1. Included within the statements and schedules filed by the Debtors with their Voluntary Petition was Schedule A in which they listed a house and lot located at 409 Ridgedale Drive, Strawberry Plains, Tennessee (Ridgedale Drive Property), with a current value of $160,000.00 subject to a secured claim of $161,596.00, and Schedule C, in which the Debtors claimed a homestead exemption in the amount of $7,500.00 in the Ridgedale Drive Property.[2] STIPS. ¶ 2; COLL. EX. 1. At the time they commenced their case, the Debtors occupied the Ridgedale Drive Property as their personal residence. STIPS. ¶ 9.

On June 5, 2008, the Trustee, by a letter to HSBC Mortgage Services, Inc., requested that it provide her with a statement of the amount of its debt along with evidence of the perfection of its

---

[1] The Trustee filed the Trustee's Memorandum of Law in Support of Response to Debtors' Objection to Final Report on February 23, 2011; however, because it was not timely filed, the Trustee's brief has not been considered.

[2] In Schedule D - Creditors Holding Secured Claims filed with their Voluntary Petition, the Debtors listed "HSBC" as the holder of a first mortgage on the Ridgedale Drive Property. As in Schedule C, the Debtors valued the Ridgedale Drive Property on Schedule D at $160,000.00 and listed the HSBC mortgage at $161,596.00.

3

lien, and advised that non-compliance would result in the filing of an adversary proceeding, which the Trustee subsequently commenced on July 9, 2008, seeking a determination of the nature, extent, and priority of HSBC Mortgage Services, Inc.'s lien on the Ridgedale Drive Property. STIPS. ¶ 3; EX. 2. Upon the failure of HSBC Mortgage Services, Inc. to appear or respond, the court, following a hearing on October 30, 2008, entered a Default Judgment in the HSBC Adversary Proceeding on November 6, 2008, ordering that "Judgment by Default shall be awarded to Plaintiff, that the lien of the Defendant on the real property of the Debtor at 409 Ridgedale Drive, Strawberry Plains, TN 37871, as further described on Exhibit A attached, is avoided and the lien preserved for the benefit of the estate." STIPS. ¶ 4; EX. 3. On December 3, 2009, HSBC Mortgage Services, Inc. filed a Proof of Claim in the amount of $167,876.57, attaching a breakdown of the debt and the Deed of Trust dated October 13, 2006, between the Debtors and HSBC Mortgage Services, Inc., which contains a waiver of the Debtors' homestead exemption. STIPS. ¶ 13; COLL. EX. 10.[3]

On July 9, 2010, the Trustee filed a Notice of Intent to Sell, attaching thereto a Counter Offer by Douglas and Vicki Mallory to purchase the Ridgedale Drive Property for $99,000.00. STIPS. ¶ 5; EX. 4. The court entered the Order Allowing Sale of Property on August 3, 2010, authorizing the sale pursuant to 11 U.S.C. § 363(b) (2006) and allowing the payment of prorated taxes, closing costs, and the real estate commission from the proceeds of the sale. STIPS. ¶ 6; EX. 5. The sale of the Ridgedale Drive Property occurred on September 3, 2010, resulting in net proceeds in the amount of $91,886.29 to the Debtors' bankruptcy estate. STIPS. ¶¶ 10-12; EX. 8; EX. 9. No portion of the

---

[3] The parties stipulate that the December 3, 2009 claim filed by HSBC Mortgage Services, Inc. was filed as unsecured. STIPS. ¶ 13. However, based upon the court's review of the claim, it appears that it was filed as secured. EX. 10. HSBC Mortgage Services, Inc. replaced the December 3, 2009 claim on December 9, 2009, with another claim by which it appears to change its claim to unsecured.

Debtors' claimed homestead exemption was paid either prior to or after the September 3, 2010 closing. STIPS. ¶ 9. The Debtors cooperated with the Trustee and vacated the Ridgedale Drive Property shortly before the Trustee closed the sale. STIPS. ¶ 9.

The Trustee's Final Report, filed on November 29, 2010, provides for the payment of trustee fees in the amount of $8,200.00, attorneys' fees in the amount of $1,176.50, expenses in the amount of $86.40, fees to the court in the amount of $250.00, and a pro rata distribution of the remaining $82,175.03 to unsecured creditors, including $66,301.56 to HSBC Mortgage Services, Inc. STIPS. ¶ 7; COLL. EX. 6. The Trustee's Final Report does not provide for payment of the Debtors' claimed $7,500.00 homestead exemption, which forms the basis of the Debtors' Objection to Final Report. STIPS. ¶¶ 7-8; COLL. EX. 6; EX. 7. In support of their Objection, the Debtors argue that because the Trustee did not object to their claimed homestead exemption, it has been allowed and they are entitled to receive it prior to payment of any pro rata distribution to unsecured creditors. The Debtors also argue that because the Default Judgment did not contain an evidentiary finding of fact or establish an amount of the avoided lien of HSBC Mortgage Services, Inc., the value to be preserved for the bankruptcy estate cannot be determined, thus, the Trustee's sale of the Ridgedale Drive Property under § 363(b) was not a sale free and clear of liens and is subject to the Debtors' homestead exemption.

## II

Upon the filing of a petition, a debtor's bankruptcy estate, inclusive of all property and interests owned by the debtor, is created. *See* 11 U.S.C. § 541 (2006). Nevertheless, in order to

facilitate the "fresh start" purpose behind bankruptcy relief, a debtor may exempt and subtract from his bankruptcy estate certain property. *See* 11 U.S.C. § 522(b) (2006); *In re Arwood*, 289 B.R. 889, 892 (Bankr. E.D. Tenn. 2003). Exemptions are construed liberally in favor of debtors and are determined as of the petition date. *In re Garbett*, 410 B.R. 280, 284 (Bankr. E.D. Tenn. 2009). In order to claim property as exempt, debtors must file a statement listing the property along with the amount of the claimed exemption and the statutory basis therefor, subject to objection by parties in interest, who bear the burden of proof by a preponderance of the evidence. FED. R. BANKR. P. 4003(a)-(c). Absent an objection, a claimed exemption retains its prima facie presumption of correctness and will stand. *Garbett*, 410 B.R. at 284.

The Debtors have claimed the homestead exemption in the Ridgedale Drive Property under the following material provisions of the Tennessee Homestead Exemptions statute:

> An individual, whether a head of family or not, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000); provided, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event the homestead exemptions are claimed in the same proceeding[.]

TENN. CODE ANN. § 26-2-301(a) (2010).

In this case, there is no dispute that the Trustee, although authorized to, did not file an objection to the Debtors' claimed $7,500.00 homestead exemption. Accordingly, under the Bankruptcy Code, Bankruptcy Rules, and controlling case law, the exemption may no longer be contested and is afforded a prima facie presumption of correctness, irrespective of the

6

appropriateness of claiming the exemption. *In re Butler*, 271 B.R. 807, 810 (Bankr. E.D. Tenn. 2001) (citing, among other authorities, *Taylor v. Freeland & Kronz*, 112 S. Ct. 1644, 1648 (1992)); *see also In re Rolfes*, 307 B.R. 59, 62 (Bankr. E.D. Tenn. 2004) ("The court does not have the authority to allow a late objection to an exemption even if the debtors did not have a valid legal basis for claiming the exemption."). Based upon the Trustee's failure to object to their exemption, much of the Debtors' argument that they are entitled to the $7,500.00 exemption focuses on the fact that, notwithstanding the Default Judgment entered in the HSBC Adversary Proceeding on November 6, 2008, the Trustee only sought to determine the extent of HSBC Mortgage Services, Inc.'s lien but had not commenced an avoidance action and did not plead in the Complaint that the lien should be preserved for the benefit of the estate. The Debtors also argue that the Default Judgment did not expressly find that HSBC Mortgage Services, Inc. held any lien, much less an avoidable lien.

"An objection to exemptions is not tantamount to an action to recover exempt property." *Zubrod v. Duncan (In re Duncan)*, 329 F.3d 1195, 1203-04 (10th Cir. 2003). Notwithstanding the Debtors' arguments to the contrary, the same precedents providing that an exemption may not be contested beyond the limitation period firmly establish that, even though an exemption has not been contested, it is still limited to the debtor's equity interest at the commencement of the case. *Butler*, 271 B.R. at 811 ("Under Tennessee law, the Debtor's homestead exemption extends, by definition, solely to the Debtor's equity interest in her principal place of residence."). Here, the Debtors had no equity in the Ridgedale Drive Property and, in fact, according to their own statements and schedules, had negative equity of $1,596.00. COLL. EX. 1. Furthermore, the Debtors are not seeking to assert their exemption against the Ridgedale Drive Property itself but are seeking to exempt a

portion of the proceeds from the Trustee's sale of the property in which the Debtors had waived their homestead exemption. The encumbered interest of the Ridgedale Drive Property was not subject to an exemption under § 522(b).[4] *Butler*, 271 B.R. at 810. As set forth in § 522(g),

> Notwithstanding section[] . . . 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section . . . 551 . . . of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
>
> > (1)(A) such transfer was not a voluntary transfer of such property by the debtor[.]

11 U.S.C. § 522(g). The language of this statute is clear: where there is a voluntary transfer of property by a debtor, such as by a deed of trust or security agreement to a financial institution, if the trustee recovers that property, the debtor may not assert any exemption in the property. *See, e.g., In re Ellis*, 2011 WL 61378, at *4 (Bankr. D. Idaho Jan. 7, 2011) (holding that "both state law and the Bankruptcy Code prevent Debtors from asserting any exemption in the proceeds from the sale of the house until all amounts due on the . . . deed of trust are paid to Trustee."); *In re Carter*, 343 B.R. 270, 272 (Bankr. W.D. Okla. 2006).

The Debtors' arguments that the Default Judgment does not reflect what the Trustee sought in the HSBC Adversary Proceeding must also fail. In the Complaint, the Trustee sought to determine the nature, extent, and priority of HSBC Mortgage Services, Inc.'s lien, if any, pursuant to 11 U.S.C. § 506 (2006). Ex. 2. When HSBC Mortgage Services, Inc. did not defend the Complaint, the Trustee filed a Motion for Default Judgment on October 9, 2008, which was served on HSBC

---

[4] The Debtors voluntarily waived their homestead exemption in the Deed of Trust they executed on October 13, 2006. COLL. EX. 10 at Book 833, Page 161 ¶ 25 ("Borrower waives all right of homestead, equity of redemption, statutory right of redemption and relinquishes all other rights and exemptions of every kind, including, but not limited to, a statutory right in an elective share in the Property.").

8

Mortgage Services, Inc. and heard on October 30, 2008. Following the hearing, the court entered the Default Judgment avoiding the lien on the Ridgedale Drive Property and preserving it for the benefit of the estate. Ex. 3. The Default Judgment was not appealed, and it became a final order on November 16, 2008. The Debtors were not a party to the HSBC Adversary Proceeding, they did not seek to intervene pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure, and have no standing to now collaterally attack the Default Judgment. *See Flener v. Monticello Banking Co. (In re Alexander)*, 2009 WL 3835038 (Bankr. W.D. Ky. Nov. 16, 2009) (holding that a debtor who is not a party and has not intervened has no standing).

In summary, the Debtors have correctly argued that the Trustee did not object to their $7,500.00 homestead exemption in the Ridgedale Drive Property, and accordingly, it is given a prima facie presumption of correctness, irrespective of the fact that it had been voluntarily waived by the Debtors in the Deed of Trust with HSBC Mortgage Services, Inc. Nevertheless, the exemption may only be asserted by the Debtors against property in which they held an equity interest at the commencement of their case. By their own admissions in their statements and schedules, and as evidenced by the December 3, 2009 claim filed by HSBC Mortgage Services, Inc., they did not have any equity interest in the Ridgedale Drive Property as of the commencement of their case, nor do they have any equity interest in the proceeds recovered by the Trustee from the sale of the Ridgedale Drive Property. Accordingly, the Debtors' Objection to Final Report will be overruled.

An Order consistent with this Memorandum will be entered.

FILED:  May 5, 2011

                                BY THE COURT

                                */s/  RICHARD STAIR, JR.*

                                RICHARD STAIR, JR.
                                UNITED STATES BANKRUPTCY JUDGE